IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RUTH DONOHUE**, | : | Case No. 1:05-CV-175 |
|  *Administratrix of the Estate of* | : | |
| *Steven B. Donohue*, | : | District Judge Susan J. Dlott |
| | : | |
|        Plaintiff, | : | ORDER GRANTING IN PART AND |
| | : | DENYING IN PART |
| v. | : | MOTION TO DISMISS |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
|        Defendant. | : | |

This matter comes before the Court on the Defendant's Motion to Dismiss the Complaint. (Doc. 4). For the reasons that follow, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion.

**I.    BACKGROUND**

Plaintiff, mother of the late Steven B. Donohue and administratrix of his estate, brings this medical negligence and wrongful death claim pursuant to the Federal Tort Claims Act, 28 U.S.C. Sections 2671 through 2680 (the "FTCA"). Defendant moves to dismiss the Complaint on the grounds of res judicata, collateral estoppel, and lack of subject matter jurisdiction.

    **A.**    **The Instant Lawsuit**[1]

Donohue, an inmate of various federal prisons from 1990 until his death, died on March 24, 2003 of sepsis complicating bacterial endocarditis. Plaintiff alleges that Donohue's death was the direct and proximate result of the Federal Bureau of Prisons' and the U.S. Marshals

---

[1] The Court has drawn the background facts from Plaintiff's Complaint (Doc. 1) unless otherwise indicated.

Service's gross neglect and deliberate disregard of Donohue's medical condition. Specifically, Plaintiff alleges that during Donohue's 1994-2000 incarceration at the Federal Medical Center in Lexington, Kentucky (FMC Lexington), Donohue was exposed to excessive and dangerous amounts of bird droppings, asbestos, and tuberculosis carriers who were permitted to work in the kitchen and food service areas. Defendant allegedly negligently and recklessly ignored these hazardous conditions and, as a result, Donohue contracted histoplasmosis and/or other pulmonary afflictions. Between June 2000 and March 2003, Defendant transferred Donohue three times.[2] Plaintiff alleges that the Federal Bureau of Prisons grossly neglected and deliberately disregarded Donohue's medical condition while he was institutionalized and that the U.S. Marshals Service deliberately disregarded Dononue's condition while he was in transit from one institution to another.

Plaintiff alleges that Donohue suffered great pain of body and mind from the time he contracted histoplasmosis until his death. Plaintiff additionally alleges that as a result of Donohue's death, his surviving spouse and next of kin have been deprived of Donohue's comfort, society, and support. Plaintiff demands damages in the amount of $2 million.

On March 29, 2004, Plaintiff filed an administrative claim with the Federal Bureau of Prisons alleging that Donohue's death was caused by the gross negligence of staff at FMC Lexington and FCI Morgantown and seeking damages for Donohue's death under the FTCA. (Doc. 1 Ex. A.) The Bureau denied Plaintiff's claim, and this lawsuit followed.

---

[2] In June 2000, Defendant transferred Donohue from FMC Lexington to the federal penitentiary in Morgantown, West Virginia. In February 2002, Defendant transferred Donohue to the federal correctional institution in Elkton, Ohio. In December 2002, Defendant transferred Donohue back to FMC Lexington.

B. **The Prior Lawsuit**

In its motion to dismiss, Defendant points out that Donohue sought damages from the United States prior to his death, alleging that the Federal Bureau of Prison's negligence caused his illness. (Doc. 4 at 8.) Specifically, in October 2001, Donohue filed an administrative FTCA claim with the Bureau of Prisons alleging that negligence in the control of bird droppings at FMC Lexington resulted in Donohue contracting histoplasmosis. The Bureau denied Dononhue's administrative claim on January 14, 2002. (Doc. 4 Ex B.) Donohue then filed an FTCA complaint against the United States in the Eastern District of Kentucky, *Steven B. Donohue v. USA*, No. 02-CV-288-KSF, on June 13, 2002. In addition to alleging Donohue contracted histoplasmosis, the complaint also alleged his exposure to asbestos and tuberculosis carriers, claims not raised in the administrative FTCA claim. (Doc. 4 at 8.)

Defendant United States filed a Rule 12(b)(1) motion to dismiss Donohue's complaint, which District Judge Forester granted on January 24, 2003 as to Donohue's asbestos- and tuberculosis-related claims but denied as to Donohue's histoplasmosis-related claim. (Doc. 4 Ex. B, Docket Entry 10 at 10-11.) Judge Forester based the dismissal of Donohue's claims of exposure to asbestos and tuberculosis on his conclusion that Donohue had failed to exhaust his administrative remedies as to those claims, thus the court did not have jurisdiction over them. On February 10, 2003, Defendant filed a combined Motion for Relief/Reconsideration and Motion for Summary Judgment on the remaining histoplasmosis-related claim. (*Id.* at Docket Entry 14.) Donohue died on March 24, 2003, and his mother Ruth was appointed administratrix of his estate. On June 11, 2003, Ruth Donohue filed a motion for substitution of party plaintiff, requesting that the court substitute her in place of her deceased son and notifying the court of her

intention to amend the complaint to add a wrongful death claim.  (*Id.* at Docket Entry 16.)  Plaintiff failed to respond to Defendant's Motion for Relief/Reconsideration by the deadline, and on July 28, 2003, Judge Forester granted Defendant's motion, finding that the discretionary function exception of the FTCA barred Plaintiff's histoplasmosis-related negligence claim.  (*Id.* at Docket Entry 17.)  The court dismissed the case in its entirety without prejudice for lack of subject matter jurisdiction and entered judgment in Defendant's favor.  (*Id.* at Docket Entry 18.)  Approximately two weeks later, Plaintiff filed a Motion for Leave to File a Supplemental Complaint seeking to add a claim of wrongful death.  (*Id.* at Docket Entry 19.)  Despite having already dismissed the case, Judge Forester denied Plaintiff's motion, citing Plaintiff's failure to exhaust administrative remedies on the wrongful death claim, a failure which served to deprive the court of subject matter jurisdiction over the claim.  (*Id.* at Docket Entry 23.)  Plaintiff did not file an appeal.  Plaintiff initiated the present action by filing a complaint on March 18, 2005.

**C.    Defendant's Motion to Dismiss**

Defendant's motion to dismiss in this case is premised on two separate grounds.  First, Defendant moves to dismiss the entire action as against the Federal Bureau of Prisons pursuant to the doctrine of res judicata, and it moves to dismiss the first part of the complaint alleging FMC Lexington's negligent handling of hazardous conditions pursuant to the doctrine of collateral estoppel.   Defendant asserts that because Plaintiff's action is precluded on these grounds, the Complaint fails to state a claim upon which relief can be granted and the Court should dismiss it pursuant to Fed. R. Civ. P. 12(b)(6).  Second, Defendant moves to dismiss the entire action as against the U.S. Marshals Service because Plaintiff failed to file an administrative FTCA tort claim with the Marshals.  Defendant asserts that this failure deprives

the Court of jurisdiction of the action against the Marshals and urges the Court to dismiss the matter pursuant to Fed. R. Civ. P. 12(b)(1).

## II. LEGAL STANDARD ON A RULE 12(B)(6) MOTION TO DISMISS

The Court first considers Defendant's motion pursuant to Rule 12(b)(6). Plaintiff opposes Defendant's motion first on technical grounds, arguing that res judicata is an improper basis for a Rule 12 motion to dismiss. Specifically, Plaintiff argues that res judicata is an affirmative defense enumerated in Fed. R. Civ. P. 8(c) and that the defense must be asserted in a responsive pleading (an answer) rather than in a Rule 12(b)(6) motion.

While the doctrines of res judicata and collateral estoppel are typically raised as affirmative defenses pursuant to Fed. R. Civ. P. 8(c), the Sixth Circuit has established that these defenses may, in fact, be raised by motion. *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 12247, 1227 (6th Cir. 1981) ("Although there may have previously been some doubt, it is now clearly established that res judicata can also be raised by motion."); *see also Logan Farms v. HBH, Inc.,* 282 F.Supp.2d 776, 785 (S.D. Ohio 2003) (finding that defendants properly raised the issue of collateral estoppel in a Rule 12(b)(6) motion even though they had yet to file answers). Accordingly, the Court will consider Defendant's res judicata and collateral estoppel defenses under the parameters of Rule 12(b)(6).

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing the sufficiency of a complaint, the Court must follow "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). This

accords with the purpose of Rule 12(b)(6), which the Sixth Circuit Court of Appeals has explained "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In addition to the allegations in the complaint, the court may consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice. *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (*citing Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360-61 (6th Cir.2001)). The defendant, as the movant, bears the burden of demonstrating that the plaintiff failed to state a claim. *See Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006). Therefore, "[o]n a Fed.R.Civ.P. 12(b)(6) motion, all of the allegations contained in the plaintiff's complaint are accepted as true, and the complaint is construed liberally in favor of the party opposing the motion." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

### III.  ANALYSIS

Before addressing the merits of Defendant's res judicata and collateral estoppel claims, the Court is compelled to address Defendant's assertion that state law governs these matters in Federal Tort Claims Act suits. (Doc. 4 at 15.) According to Defendant, this Court must apply the laws of Ohio, Kentucky, and West Virginia (states where Donohue was incarcerated from 2000-2003) in determining whether res judicata and collateral estoppel bar Plaintiff from bringing the instant suit. Defendant bases its position on two principles: first, in a tort action against the United States, a federal court must apply the law of the state where the alleged acts occurred; and second, most federal judicial circuits apply state law in matters of res judicata and

collateral estoppel in litigation brought under the FTCA, even where the prior judgment was that of a federal court. (*Id.*)

The Court agrees with the first of these two principles: a federal court must apply state tort law in determining the Government's liability under the FTCA. *See Huffman v. U.S.*, 82 F.3d 703, 705 (6th Cir. 1996) (noting that the FTCA dictates that the federal government be liable in tort in the same manner and to the same extent that state law would impose liability on a private individual in similar circumstances). However, the Court does not agree that most federal courts would apply state law in determining the application of res judicata and collateral estoppel in this case.

Defendant relies on the American Law Reports (49 A.L.R. Fed. 326) and *Falk v. United States*, 375 F.2d 561 (6th Cir. 1967) to support its position that state, not federal, law governs the application of res judicata in FTCA claims. The Court is not persuaded by these authorities. The court in *Falk* concluded without discussion that state law governed the res judicata effect to be accorded a prior *state* court judgment. Thus, *Falk* is inapposite to the instant matter, where Defendant seeks to accord preclusive effect to a prior *federal* court judgment. Further, while the A.L.R. cites three cases holding that state principles of res judicata applied to prior judgments of federal courts when those doctrines were asserted to prevent relitigation in a subsequent suit under the FTCA, none of those cases are binding on this Court. *See* 49 A.L.R. Fed. 326 § 4 (*citing D'Ambra v. United States*, 396 F. Supp. 1180 (D.C. R.I. 1973), *Gliedman v. Capital Airlines, Inc.*, 267 F. Supp. 298 (D.C. Md. 1967), and *Filice v. United States*, 271 F.2d 782 (9th

Cir. 1959).[3]  The A.L.R. also notes that the Fifth Circuit Court of Appeals has come to the opposite conclusion, holding that the res judicata and collateral estoppel effect of a federal court judgment is governed by federal law.  *Id.* (*citing Johnson v. United States*, 576 F.2d 606 (5th Cir. 1978)).

In *Johnson*, the Fifth Circuit Court of Appeals thoroughly analyzed the question of whether federal or state collateral estoppel rules applied to FTCA claims.  In concluding that federal law should apply, the court noted that "we cannot believe that Congress intended state court rules to determine the internal relationships among the federal courts particularly with regard to the effect one federal court is to give to the judgment of another."  *Johnson*, 576 F.2d at 612.  The U.S. District Court for the District of Columbia has adopted the *Johnson* analysis.  *Bazuaye v. United States*, 41 F. Supp.2d 19, 28 (D.C. D.C. 1999) (concluding that "the *Johnson* court's procedural view of preclusion doctrine is correct.").  The Court agrees with the Fifth Circuit and will apply federal law to determine the preclusive effect of the federal court's judgment in *Steven B. Donohue v. USA*, No. 02-CV-288-KSF (hereafter, the "Prior Lawsuit") on this matter.[4]

---

[3] In two of these cases, *D'Ambra* and *Capital Airlines*, despite deciding that state law applied, the courts found no controlling state court decisions to apply on the matter of res judicata and collateral estoppel and "predicted" state law by citing leading federal cases.

[4] Neither is this a situation where application of state law on the preclusion matter would alter the Court's analysis or outcome.  This Court's analysis of Ohio, Kentucky, and West Virginia law pertaining to res judicata and collateral estoppel reveal that these state laws do not materially differ from the federal law.  *See* Doc. 4 at 16-17 (summarizing the states' laws regarding claim preclusion) and 23-24 (summarizing the states' laws regarding issue preclusion).

### A. Res Judicata

Defendant urges the Court to dismiss the Complaint as to the Federal Bureau of Prisons, arguing that the U.S. District Court for the Eastern District of Kentucky conclusively resolved all issues in the Prior Lawsuit such that the doctrine of res judicata, or claim preclusion, bars the present action. Plaintiff responds that res judicata should not apply to bar the action against the Bureau because the instant lawsuit does not involve the same parties or privies as the Prior Lawsuit and the Prior Lawsuit involved different issues, claims, and causes of action. The Prior Lawsuit alleged that Donohue was exposed to excessive amounts of bird droppings, asbestos, and tuberculosis carriers; that Defendant negligently and recklessly ignored these hazardous conditions; and that as a result Donohue contracted histoplasmosis and/or other pulmonary conditions. (Doc. 4 Ex. B, Docket Entry 1 ¶¶ 6, 8, 9.) The instant lawsuit alleges that Donohue was exposed to excessive and dangerous amounts of bird droppings, asbestos, and tuberculosis carriers; that Defendant negligently and recklessly ignored these hazardous conditions; that as a result Donohue contracted histoplasmosis and/or other pulmonary conditions; that the Federal Bureau of Prisons, the U.S. Marshals Service, and unnamed medical practitioners grossly neglected and deliberately disregarded Donohue's condition; and that Donohue died as a result. (Doc. 1 at ¶¶ 5, 7, 8, 13, 14.)[5]

---

[5] Defendant's motion to dismiss presumes that Plaintiff is pursuing a negligence claim against the Bureau of Federal Prisons because of the Complaint's assertion that Donohue was exposed to hazardous conditions at FMC Lexington and that Defendant negligently and recklessly ignored those conditions. Plaintiff in her responsive memorandum, however, asserts that her claim is for wrongful death, not negligence. It is unclear, therefore, whether Plaintiff intends to pursue a claim of negligence with respect to Donohue's exposure to asbestos, tuberculosis, or bird-droppings/histoplasmosis. Accordingly, the Court's decision as to whether these claims are barred by res judicata or collateral estoppel applies to the extent that the Complaint actually asserts these claims.

The purpose of res judicata is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Claim preclusion only arises, however, in the presence of the following four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

According to Judge Forester's Memorandum Opinion and Order of January 24, 2003 in the Prior Lawsuit, Donohue failed in that action to satisfy the administrative prerequisites to bringing his tuberculosis- and/or asbestos-related claims against the Federal Bureau of Prisons. (Doc. 4 Ex. B, Docket Entry 10 at 10-11.) Accordingly, Judge Forester dismissed those claims finding that the court lacked subject matter jurisdiction to consider them. (*Id*.) Then, in the Memorandum Opinion and Order of July 28, 2003, Judge Forester dismissed Donohue's remaining claim concerning histoplasmosis, finding that the discretionary function exception to the FTCA applied and, accordingly, the court was without subject matter jurisdiction over the issue. (Doc. 4 Ex. B, Docket Entry 17 at 4.) By Judgment dated July 29, 2003, Judge Forester dismissed the matter without prejudice and ordered it stricken from the active docket. (Doc. 4 Ex. B, Docket Entry 18.) When Ruth Donohue, administratrix of Donohue's estate, filed a motion for leave to file an amended complaint on August 12, 2003 alleging the additional claim of wrongful death, the case was already inactive. Furthermore, the court denied Plaintiff's

motion to file an amended complaint by Order dated January 5, 2004. (Doc. 4 Ex. B, Docket Entry 23.)

The Court concludes that Judge Forester's dismissal of the Prior Lawsuit is res judicata as to the histoplasmosis-related claim but not as to the asbestos and/or tuberculosis exposure claims (to the extent the Complaint asserts any such claims) or the wrongful death claim. When a court dismisses a claim without prejudice for lack of subject matter jurisdiction, res judicata does not act as a bar to a subsequent claim based on the same alleged wrongs. *Holloway v. Brush*, 220 F.3d 767, 778 (6th Cir. 2000) ("The basic rule that dismissal for lack of subject matter jurisdiction does not preclude a second action on the same claim is well settled.") (*quoting* 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4436 (1981)). According to this "basic rule," when Judge Forester dismissed Donohue's asbestos- and tuberculosis-related claims for lack of subject matter jurisdiction, he did not decide those claims on the merits.

While the general rule suffices as to the dismissal of the asbestos- and tuberculosis-related claims, Judge Forester's decision to dismiss Donohue's histoplasmosis claim calls for a different analysis. The judge dismissed Donohue's asbestos and tuberculosis claims because he failed to exhaust his administrative remedies on those claims. However, Judge Forester dismissed Donohue's histoplasmosis claim after determining that the discretionary function exception to the FTCA applied. Thus, while the final basis for the dismissal of the histoplasmosis claim was that the court lacked subject-matter jurisdiction, the inquiry required the judge to review the merits of the claim.

An explanation of the discretionary function exception to the FTCA demonstrates why Judge Forester's decision to dismiss the histoplasmosis claim was a decision on the merits. As explained by the judge, the principle of sovereign immunity shields the Federal Government and its agencies from suit, and a court may not exercise subject matter jurisdiction over a claim against the government except as Congress allows and when there has been strict adherence to a statutory waiver of sovereign immunity. (Doc. 4 Ex. B, Docket Entry 23 at 6.) The FTCA is such a statutory waiver of sovereign immunity, and it permits federal courts to exercise jurisdiction over claims brought against the United States for property damage, personal injury, or death caused by the negligent or wrongful acts of federal employees while acting within the scope of their employment. 28 U.S.C. § 1346(b). However, there are exceptions to this waiver of immunity. One such exception is that the waiver does not apply to "[a]ny claim based upon an act or omission of an employee of the Government ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680.

In the Prior Lawsuit, Judge Forester determined that the control of the bird population and bird droppings at FMC Lexington was "a discretionary function" such that the statutory waiver embodied in the FTCA did not apply. In rendering his decision, Judge Forester considered numerous facts, such as whether a federal statute, regulation, or policy existed which prescribed a course of action concerning the bird population; whether statute imposed upon the Federal Bureau of Prisons an affirmative duty to act in the face of the existence of a known health hazard to inmates; and whether the Bureau's action/inaction was "grounded in social, economic, or political policies." (Doc. 4 Ex. B, Docket Entry 10 at 13-33; Docket Entry 17 at 2-

3.) Judge Forester's analysis demonstrates that the jurisdictional question of whether the discretionary function exception applies to a claim brought under the FTCA is necessarily entwined with the merits of the case. *Accord Franklin Sav. Corp. v. U.S.*, 180 F.3d 1124, 1129 (10th Cir. 1999) (holding for Rule 12(b)(6) purposes that whether the discretionary function exception applies is a jurisdictional question "intertwined with the merits of the case"). Thus, Defendant has shown that with respect to the histoplasmosis-related claim, the Prior Lawsuit resolved the issue on its merits.

Having determined that only the histoplasmosis-related claim was decided on the merits in the Prior Lawsuit, the Court now turns to the next element of the res judicata doctrine, whether both the Prior Lawsuit and the instant litigation are between the same parties or privies. Plaintiff argues that this element is not satisfied because the earlier action was brought by Steven Donohue and he was the only potential beneficiary of any damages, while the present action is brought by his mother, the administratrix of his estate, on behalf of all next of kin, including Donohue's two surviving brothers. (Doc. 13 at 4.) Plaintiff's argument fails. In the Prior Lawsuit, Ruth Donohue moved the court for an order substituting herself, as duly appointed administrator of Steven Donohue's estate, as plaintiff. The court granted the motion pursuant to an Order dated July 28, 2003. (Doc. 4 Ex. B, Docket Entry 17.) Plaintiff's assertion that "[t]he individuals who potentially may benefit from the wrongful death action had no interest or control over Steven Donohue's earlier action" (Doc. 13 at 4) is therefore erroneous. The Supreme Court has held that "[n]onparties may be collaterally estopped from relitigating issues necessarily decided in a suit brought by a party who acts as a fiduciary representative for the beneficial interest of the nonparties." *Sea-Land Serv., Inc. v. Gaudet*, 414 U.S. 573, 593 (1974). When

Ruth Donohue substituted herself as the plaintiff in the Prior Lawsuit, she undertook to act as a representative for the beneficial interests of Steven Donohue's next-of-kin. As administratrix of Donohue's estate, Ruth Donohue represents identical persons in the instant lawsuit. The privity element of res judicata is therefore satisfied as to the histoplasmosis-related claim.

Finally, the third and fourth elements of res judicata are satisfied as to the histoplasmosis-related claim: Judge Forester considered the identical issue in the Prior Lawsuit; and the claim arose from identical allegations of negligence on the part of the Bureau of Federal Prisons. As all four elements of res judicata are satisfied as to the histoplasmosis-related claim, Defendant's motion to dismiss that claim is hereby GRANTED.

Turning now to Plaintiff's wrongful death claim, the Court need go no further than analysis of the first prong of the res judicata analysis. The court in the Prior Lawsuit did not decide the issue of wrongful death on the merits. The court had dismissed Donohue's lawsuit before Plaintiff ever filed her motion for leave to file an amended complaint adding the claim of wrongful death. Further, the court then denied the motion for leave to amend, apparently on grounds that Plaintiff had not exhausted her administrative remedies on that issue and that, therefore, the court was without subject matter jurisdiction on the claim. (Doc. 4 Ex B, Docket Entry 23 at 7.) When a court dismisses an FTCA claim without prejudice because the plaintiff has failed to exhaust administrative remedies, res judicata does not bar the plaintiff from raising those claims in a subsequent lawsuit. *See, e.g.*, *Wallace v. United States*, No. 95-5502, 1996 WL 132172 (6th Cir. March 21, 1996). Accordingly, the Court GRANTS Defendant's motion to dismiss on res judicata grounds *only* as to Plaintiff's histoplasmosis-related claim and DENIES Defendant's motion as to the asbestos- and tuberculosis-related claims (to the extent the

14

Complaint asserts such claims) and as to the wrongful death claim against the Federal Bureau of Prisons.

### B. Collateral Estoppel

Defendant argues that Plaintiff is precluded from litigating the issues in the first part of the Complaint (concerning Donohue's exposure to hazardous conditions) because of the doctrine of collateral estoppel, or issue preclusion. Plaintiff does not advance an argument opposing Defendant's position.

The Court of Appeals for the Sixth Circuit has stated that the doctrine of collateral estoppel applies only when (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue. *Hammer v. I.N.S.*, 195 F.3d 836, 840 (6th Cir. 1999). As discussed above, the only issue decided on its merits in the Prior Lawsuit was that of the Federal Bureau of Prison's management of the bird population and Donohue's potential exposure to histoplasmosis. Accordingly, Defendant's motion is GRANTED as to the histoplasmosis issue but DENIED as to the remaining issues presented in the first part of the Complaint.

### C. Lack of Subject Matter Jurisdiction

Defendant argues that all of Plaintiff's claims against the U.S. Marshals Service should be dismissed for lack of subject matter jurisdiction because Plaintiff did not first exhaust her administrative remedies by filing an administrative FTCA tort claim against the Marshals.

Plaintiff admits that she did not file a separate administrative claim with the Marshals but argues that the working relationship between the U.S. Marshals and the Bureau of Prisons is such that her filing an administrative claim solely with the Bureau of Prisons is sufficient to encompass her claim against the U.S. Marshals.

The FTCA permits an individual to bring suit in federal court against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1).  However, the plaintiff may not bring such a suit unless he has first presented his claim to the "appropriate federal agency" and that agency has denied the claim. 28 U.S.C. § 2675(a).

Plaintiff's Complaint alleges that the U.S. Marshals Service "grossly neglected and deliberately disregarded Donohue's condition ... while he was in transit from one institution to another." (Doc. 1 ¶ 13.)  Indeed, the U.S. Marshals, not the Bureau of Prisons, has the legal duty to provide medical care for federal prisoners while they are being transported.  (Declaration of Georgetta Richardson, Inmate Systems Manager, Doc. 16 Ex. I.)  However, Plaintiff never filed an administrative FTCA claim with the U.S. Marshals Service, the "appropriate federal agency" for the claim, thus depriving the Marshals Service the opportunity to investigate the claim against it.  A plaintiff's failure to exhaust administrative remedies before she brings suit mandates dismissal of the claim. *McNeil v. United States*, 508 U.S. 106, 113 (1993).  The Court finds that because she did not file an FTCA claim with the U.S. Marshals Service, Plaintiff failed

to exhaust her administrative remedies and the Court is without jurisdiction to consider the claims against the Marshals. Defendant's motion to dismiss the claims against the Marshals is **GRANTED**.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 4) is **GRANTED** as to Plaintiff's histoplasmosis-related negligence claim against the Federal Bureau of Prisons and all of Plaintiff's claims against the U.S. Marshals Service. Defendant's Motion as to all remaining issues and claims is **DENIED**.

IT IS SO ORDERED.

    s/Susan J. Dlott    
Susan J. Dlott
United States District Judge